# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

TOMMY YARBERRY, )
)
      Petitioner, )
)
vs. ) Case No. 12-3564-CV-S-BCW-P
)
JENNIFER SACHSE, )
)
      Respondent. )

## OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Missouri Eastern Correctional Center in Pacific, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 convictions and sentences for two counts of second degree domestic assault, which were entered in the Circuit Court of Greene County, Missouri. Petitioner did not appeal his convictions, and the denial of his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was upheld on appeal thereof (Respondent's Exhibit 6; Yarberry v. State, 372 S.W.3d 568 (Mo. Ct. App. 2012)). Petitioner raises two (2) grounds for relief. Respondent contends that Ground One is without merit and that Ground Two is procedurally defaulted and without merit.

## FACTUAL BACKGROUND

In affirming petitioner's convictions and sentences, the Missouri Court of Appeals, Southern District, set forth the following facts:

> On August 27, 2009, Yarberry was charged as a prior and persistent offender with two counts of the class C felony of domestic assault in the second degree, violations of section 565.073, and two counts of the unclassified felony of armed criminal action, violations of section 571.015. The information charged that the aforementioned crimes were committed by Yarberry against his "spouse" on or about May 30, 2009.

On October 23, 2009, a guilty plea hearing was held and Yarberry pled guilty pursuant to a plea agreement.[FN3] At the hearing, Yarberry informed the plea court he had no questions about the charges against him, he had read and understood the terms of the plea agreement, he had sufficient time and opportunity to discuss his case and the plea agreement with his counsel, he understood the rights he was waiving by pleading guilty, and no one induced his plea. The State then set out the factual basis for the plea, and Yarberry's counsel indicated he believed the State could make a submissible case. Yarberry then informed the plea court he was pleading guilty because he was guilty of the crimes charged. The plea court then concluded there was a "factual basis for the pleas of guilty," found Yarberry's pleas were voluntary and made "with an understanding of [his] rights," and found Yarberry "guilty thereof beyond a reasonable doubt." Yarberry was then sentenced to 2 six-year terms in the Missouri Department of Corrections ("DOC") with the sentences to run concurrently. Further, Yarberry indicated to the plea court that he had no problems or complaints with his plea counsel such that he was "completely satisfied with him as [his] attorney[.]"

> FN3. The terms of the plea agreement were such that in exchange for Yarberry's guilty pleas on the two domestic assault charges, the State would dismiss the armed criminal action charges, as well as a separate case filed against him. Further, the plea agreement provided the State would recommend a sentence of six years on the domestic assault charges with the sentences to run concurrently.

On April 27, 2010, Yarberry filed his *pro se* Rule 24.035 motion. He was thereafter appointed counsel by the motion court, and his appointed counsel filed an "AMENDED MOTION UNDER RULE 24.035." Among the claims raised in this motion were allegations that Yarberry's plea counsel was ineffective for failing to properly investigate the charges against Yarberry, for failing to review discovery and other documents with Yarberry, for advising him that he could be convicted solely on the facts in the police report alone, and for informing him that his spouse was definitely going to testify against him at trial.

On May 19, 2011, an evidentiary hearing was held on this motion. Counsel for Yarberry, Larry Tyrrell ("Tyrrell"), testified he did not tell Yarberry he could be convicted solely on the basis of the police reports, and he recalled he told him that "if the witnesses testified as the police reports indicated that they would, he would have had a hard time defending his case." He related it was his understanding the victim in Yarberry's case was available and willing to testify and he "had no doubt that [she] would testify because that's been the protocol here in Greene County.... They just go get them if they don't come."

Stephanie Wan ("Wan"), the State's prosecutor, testified she was familiar with Yarberry's spouse because she was also a special prosecutor with a local court program and Yarberry's spouse was enrolled in that program. She related she subpoenaed Yarberry's spouse to testify and even personally spoke with her,

2

as well as with her probation officer, about appearing in court for Yarberry's case. She stated she did not recall Yarberry's spouse "ever coming and talking to [her] and telling [her] she didn't want to testify[,]" nor did she ever get any indication that she did not intend to testify. Wan further testified that in the event Yarberry's spouse had indicated an unwillingness to testify, she would still have proceeded with the case as it is her "policy [not to] dismiss cases just because people tell [her] they don't want to testify." Additionally, Wan stated that if she had been unable to locate Yarberry's spouse, she would have sent an investigator to locate her and she would have subpoenaed her again.

Yarberry testified that his plea counsel told him that he had spoken with Yarberry's spouse and other witnesses, but once he was at the DOC he found out "that [Tyrrell] never had called them or talked to them." He related Tyrrell "[gave] him the impression that if it went to trial, the police reports alone would be enough to convict [him]" and that the complaining witness did not need to testify because "they can do it off of the police report alone." He then stated he had "lie[d]" to the plea court when he told the court he had assaulted his wife. After admitting to having "[p]robably at least 12" felony convictions, Yarberry related that at the time of the guilty plea hearing, he just had his probation revoked in a driving while intoxicated case and he had "picked up an attempt to manufacture case ... [.]" He stated he understood that if his Rule 24.035 motion was successful, he would be facing "more time than the six years ..." he was currently facing as the cases that were dismissed per the plea agreement would be reinstated and he faced further prosecution.

Yarberry's spouse testified she was never contacted by plea counsel about testifying in Yarberry's criminal case and she did not recall receiving a summons or subpoena from the State. She went on to testify she was "not for sure" if she was assaulted by Yarberry on the date in question because her drug use at the time made her recollection "kind of blurry." She also related she would not voluntarily testify against Yarberry if she had been called to testify even if under a subpoena.

At the close of the evidentiary hearing, the motion court ruled from the bench that "there was not ineffective assistance of counsel" and Yarberry was not entitled to prevail on his Rule 24.035 motion. In its "ORDER DENYING AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND JUDGMENT," the motion court relied on the testimony of Tyrrell and Wan in its determination that Yarberry's plea was not involuntarily made as it related to the potential testimony of his spouse and any assertions relating to the police reports. Accordingly, the motion court denied Yarberry's request for relief . . . .

Respondent's Exhibit 6, pp. 4-5; Yarberry, 372 S.W.3d at 570-72.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S.

3

422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND ONE

In Ground One, petitioner asserts a claim of ineffective assistance of plea counsel in that counsel failed "to investigate the facts and law of the case" and "incorrectly advised [petitioner] that his wife would testify against him." Doc. No. 1, p. 5. The Missouri Court of Appeals, Southern District, denied Ground One as follows:

> When a movant claims counsel failed to adequately investigate a case, this court considers whether counsel "fulfilled his obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary." Hill v. State, 301 S.W.3d 78, 82 (Mo.App. S.D.2010) (internal citation and quotation omitted). "'[T]he duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste.'" Strong v. State, 263 S.W.3d 636, 652 (Mo. banc 2008) (quoting Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456, 2463–4, 162 L.Ed.2d 360 (2005)). We find Yarberry's claims that plea counsel was ineffective in failing to investigate are refuted by the record. Tyrrell testified it was his understanding Yarberry's wife intended to testify against Yarberry, and it was his experience the State would secure her appearance by any means necessary. This belief by Tyrrell was backed up by the testimony of Wan, who affirmed it was her protocol to get the victims in such cases to testify even if it meant sending a court investigator to locate them. She related she, in fact, subpoenaed Yarberry's spouse, as well as personally spoke to her on numerous occasions such that she believed she was willing and ready to testify against Yarberry in the event of a criminal trial. While Yarberry's spouse testified she was never subpoenaed by Wan or contacted in any way by Tyrrell, we defer

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

4

> to the motion court's determinations of credibility. The motion court obviously found the testimony of Wan and Tyrrell to be more credible than that offered by Yarberry. Mendez, 180 S.W.3d at 80.
>
> Likewise, Yarberry's contention that Tyrrell told him he could be convicted based on the police reports alone is also refuted by the record. Tyrrell, an experienced criminal defense attorney, testified he told Yarberry "if the witnesses testified as the police reports indicated that they would, he would have had a hard time defending his case." This is different than Yarberry's assertion that Tyrrell "[gave] him the impression that if it went to trial, the police reports alone would be enough to convict [him] ... [.]" Again, we defer to the credibility determinations made by the motion court. Id. It is clear in the present matter, that Tyrrell fulfilled his obligations to Yarberry when it came to investigating the case and in making reasonable decisions relating thereto. See Hill, 301 S.W.3d at 82. The motion court did not err in denying Yarberry's claims in his Rule 24.035 motion that he received ineffective assistance of counsel as a result of his plea counsel's failure to investigate. Point I is denied.

Respondent's Exhibit 6, pp. 6-7; Yarberry, 372 S.W.3d at 573-74.

The Supreme Court has held that, in order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000). To show prejudice, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

5

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). The Missouri Court of Appeals, Southern District, found that petitioner's claim that plea counsel was ineffective by failing to investigate was inconsistent with the record, which included testimony from petitioner's counsel and the prosecutor that petitioner's spouse was either willing to testify or would be subpoenaed and located by an investigator in order to secure her appearance at trial. Respondent's Exhibit 6, pp. 6-7. Because the state court's determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence" or misapplications of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Grounds One will be denied.

## GROUND TWO

In Ground Two, petitioner asserts a claim of ineffective assistance of post-conviction counsel in that counsel "unreasonably omitted a viable and known claim that the charges violated double jeopardy." Doc. No. 1, p. 7. The Missouri Court of Appeals, Southern District, declined to review Ground Two because, under Missouri law, "claims of ineffective assistance of post-

6

conviction counsel are categorically unreviewable." Respondent's Exhibit 6, pp. 7-8; Yarberry, 372 S.W.3d at 574-75. Respondent contends that an independent claim of ineffective assistance of post-conviction counsel cannot be raised in federal habeas corpus actions and that any underlying claim of ineffective assistance of plea counsel is both procedurally defaulted and without merit. Doc. No. 10, pp. 11-13. In reply, petitioner argues that his claim has merit because "[t]he charging of multiple counts for a single criminal transaction violates long-standing double jeopardy principles." Doc. No. 14, pp. 32-34.

If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Christenson v. Ault, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.")(citation omitted).

If petitioner intends to assert a claim that post-conviction counsel was ineffective for failing to raise a claim that plea counsel was ineffective for failing to argue that the charges against petitioner amounted to a double jeopardy violation, "[a] habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

Petitioner procedurally defaulted his claim of ineffective assistance of plea counsel for failing to raise a double jeopardy violation by failing to assert it in his amended post-conviction motion. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present

7

claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner contends that post-conviction's ineffective assistance caused his procedural default of his underlying ineffective assistance of plea counsel claim and cites to Martinez v. Ryan, 133 S. Ct. 1309 (2012), for support. Doc. No. 1, p. 7. Nevertheless, petitioner fails to establish that post-conviction counsel's failure to present the underlying ineffective assistance of plea counsel claim in petitioner's amended post-conviction motion rises to the level of ineffective assistance of counsel or that the underlying claim has merit, especially considering petitioner's representations at the plea hearing. Martinez, 132 S. Ct. at 1318 (holding that petitioner must make a showing that post-conviction counsel was ineffective under the standard set forth in Strickland and must demonstrate that the underlying claim has merit); Strickland, 466 U.S. 668, 687-88 (1984)). Consequently, petitioner fails to establish cause for the procedural default of his underlying ineffective assistance of plea counsel claim.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claim is not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, Grounds Two is either not cognizable in federal habeas or is procedurally defaulted and will be denied.

8

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

 /s/ Brian C. Wimes_____
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  June 26, 2013 .